[No. B206892. Second Dist., Div. Four. June 23, 2009.]

LOS ANGELES UNIFIED SCHOOL DISTRICT, Plaintiff and Respondent,
v.
ELISA PULGARIN et al., Defendants and Appellants.

## COUNSEL

Century Law Group, Karen A. Larson and Daniel A. Woodford for Defendants and Appellants.

Matteoni, O'Laughlin & Hechtman, Norman E. Matteoni, Barton G. Hechtman; Sullivan Workman & Dee and Gary A. Kovacic as Amici Curiae on behalf of Defendants and Appellants.

Oliver, Sandifer & Murphy, Connie Cooke Sandifer and Cynthia C. Miller for Plaintiff and Respondent.

## OPINION

**EPSTEIN, P. J.**—Elisa and Juan Pulgarin, doing business as Mid Town Recycling (collectively Mid Town) appeal from an order dismissing their claim for loss of goodwill allegedly caused by the acquisition by eminent domain of the real property upon which Mid Town's business was conducted. We conclude that the lack of a written lease is not fatal to Mid Town's entitlement to compensation for goodwill, and reverse the order.

### FACTUAL AND PROCEDURAL SUMMARY

The Los Angeles Unified School District (LAUSD) filed an action in eminent domain to acquire commercial property owned by A&D Investment

Corporation for construction of a school. Several small businesses occupied this property, including Mid Town, a recycling business. Mid Town occupied the property under a month-to-month tenancy; it did not have a written lease.

Shortly before trial on the issue of just compensation, LAUSD filed a motion pursuant to Code of Civil Procedure[1] section 1260.040 for a pretrial determination that in the absence of a lease, Mid Town had no legally enforceable interest in the property and thus was not entitled to compensation for loss of business goodwill.[2] Mid Town opposed the motion, asserting a written long-term lease was not necessary to satisfy the conditions for compensable goodwill.

The court granted the motion and entered an order of dismissal as to Mid Town. This is a timely appeal from the order of dismissal.

## DISCUSSION

(1) There is no constitutional right to compensation for goodwill in eminent domain proceedings, but under section 1263.510, the owner of a business conducted on property taken by eminent domain may be compensated for loss of goodwill. (*Redevelopment Agency of San Diego v. Attisha* (2005) 128 Cal.App.4th 357, 367, fn. 4 [27 Cal.Rptr.3d 126] (*Attisha*).)

This section, part of a comprehensive revision of eminent domain law, "was enacted in response to widespread criticism of the injustice wrought by the Legislature's historic refusal to compensate condemnees whose ongoing businesses were diminished in value by a forced relocation." (*People ex rel. Dept. of Transportation v. Muller* (1984) 36 Cal.3d 263, 270 [203 Cal.Rptr. 772, 681 P.2d 1340].) "The purpose of the statute was unquestionably to provide monetary compensation for the kind of losses which typically occur when an ongoing small business is forced to move and give up the benefits of its former location." (*Ibid.*)

Section 1263.510 provides: "The owner of a business conducted on the property taken, or on the remainder if the property is part of a larger parcel, shall be compensated for loss of goodwill if the owner proves all of the

---

[1] Statutory references are to this code unless otherwise indicated.

[2] This case concerns only Mid Town's right to compensation for goodwill; its entitlement to other compensation as a result of the taking is not before us.

following: [¶] (1) The loss is caused by the taking of the property or the injury to the remainder. [¶] (2) The loss cannot reasonably be prevented by a relocation of the business or by taking steps and adopting procedures that a reasonably prudent person would take and adopt in preserving the goodwill. [¶] (3) Compensation for the loss will not be included in payments under Section 7262 of the Government Code. [¶] (4) Compensation for the loss will not be duplicated in the compensation otherwise awarded to the owner." (§ 1263.510, subd. (a); see *Redevelopment Agency v. Thrifty Oil Co.* (1992) 4 Cal.App.4th 469, 475 [5 Cal.Rptr.2d 687].)[3]

We find no requirement in the plain language of this statute that the owner of a business seeking goodwill compensation prove that he or she is the owner of, or has a written lease on, the property that is taken. What is required is that "[t]he owner of a business conducted on the property taken" prove that the loss is caused by the taking of the property. (§ 1263.510, subd. (a).)

In finding no entitlement to compensation for goodwill, the trial court relied on *San Diego Metropolitan Transit Development Bd. v. Handlery Hotel, Inc.* (1999) 73 Cal.App.4th 517, 533 [86 Cal.Rptr.2d 473] (*Handlery*), and held: "Where the business owner has no enforceable property interest, a claim for compensation for goodwill cannot stand." The court relied on language in *Handlery* and held: " 'A mere expectation, or even probability, that a lease will be renewed based on past practice and present good relations between tenant and landlord is not a legal right of renewal. It is nothing more than a speculation on chance.' " (See 73 Cal.App.4th at pp. 531–532.) As we shall explain, we disagree with the *Handlery* court's interpretation of section 1263.510.

In *Handlery*, the Metropolitan Transit Development Board expressed an interest in acquiring property by eminent domain which included a golf course operated by Handlery Hotel pursuant to a 50-year lease. The lease was scheduled to expire in June 1994, and did not contain a renewal provision. Handlery attempted to negotiate renewal of the lease, but the fee owner ultimately refused to enter into a new long-term lease. After expiration of the lease, and with knowledge of the impending condemnation action, Handlery and the fee owner negotiated a temporary six-month lease, with no automatic right of renewal. Several short-term extensions were later negotiated, each set to terminate when the transit board took possession of the property. After the

---

[3] Subdivision (b) of section 1263.510 defines " 'goodwill' " as "the benefits that accrue to a business as a result of its location, reputation for dependability, skill or quality, and any other circumstances resulting in probable retention of old or acquisition of new patronage."

transit board took possession, the fee owner amended the lease to permit Handlery to operate on the remaining portion of the property for a limited period of time. The fee owner terminated the lease several months later.

Handlery had been named in the condemnation action. In its answer, Handlery claimed loss of business goodwill and precondemnation damages. The trial court granted the transit board's motion for nonsuit. The Court of Appeal affirmed, concluding that in the absence of a long-term lease or a right to renew an existing lease, Handlery had no compensable property right. (*Handlery, supra,* 73 Cal.App.4th at p. 531.)

*Handlery* was correctly decided on its facts. Before the taking occurred, the fee owner already had decided not to provide Handlery with a new long-term lease. Instead, the fee owner decided it would reconstruct the golf course away from Handlery's facilities. Thus, it was not the condemnation that terminated Handlery's right to possession of the property, but rather the fee owner's decision not to lease it to Handlery. When Handlery's long-term lease for the course expired, its business of operating the golf course on a long-term basis ceased and essentially reverted to the fee owner. For this reason, Handlery could not establish that its loss of goodwill was caused by the taking of the property, as required under section 1263.510, subdivision (a)(1).

Respondent and the trial court relied on language in *Handlery* as holding that, unless at the time of the taking a business tenant has a written lease, it does not possess a legal interest in the property entitling it to compensation for goodwill. According to respondent, entitlement to goodwill compensation for a business tenant arises only where the business owner's written lease terminates as a result of the condemnation. Section 1263.510 contains no such requirement. The statute provides for goodwill compensation to *"The owner of a business* conducted on the property taken . . . ." (Italics added.) It does not require that the business owner have an ownership interest in the property. *Handlery* correctly states that section 1263.510 "contemplates the taking of a real property interest which in turn causes the loss of goodwill in order for there to be compensation for the latter. (§ 1263.510, subd. (a).)" (*Handlery, supra,* 73 Cal.App.4th at p. 537.) The statute contains no requirement that the real property interest be taken *from the business owner* in order for the business owner to be entitled to compensation, just that the taking cause a loss to the owner of a business conducted on the property which was taken.

In recommending the enactment of section 1263.510, the Law Revision Commission explained: "Eminent domain frequently works a severe hardship

on owners of businesses affected by public projects. As a rule, business losses have not been compensated. This rule of noncompensability has been widely criticized, and the Commission believes that some step should be taken to compensate the owner of a business taken or damaged in an eminent domain proceeding for losses he suffers. But, in order to assure that the losses are certain and measurable for the purposes of compensation, recovery should be allowed only for the loss of goodwill proved by the property owner and only to the extent that such loss is caused by the acquisition of the property or the injury to the remainder and cannot reasonably be prevented by a relocation of the business and by taking those steps and adopting those procedures that a reasonably prudent person would take and adopt in preserving the goodwill." (Recommendation proposing The Eminent Domain Law (Dec. 1974) 12 Cal. Law Revision Com. Rep. (1974) pp. 1652–1653, fns. omitted.) "Because section 1263.510 adopts without change the recommendations of the California Law Revision Commission, the commission's report is entitled to great weight in construing the statute and the Legislature's intent." (*Redevelopment Agency v. Arvey Corp.* (1992) 3 Cal.App.4th 1357, 1363, fn. 6 [5 Cal.Rptr.2d 161].)

■ Neither the recommendation nor the statute requires that a business owner's entitlement to goodwill must be based on a written lease on the property that is taken. What is required is that the business owner prove that the loss is caused by the taking of the property. (§ 1263.510, subd. (a)(1).) A business that is required to move because of the taking of the property on which it operates has suffered a loss from the taking. This is true whether the tenancy is for a fixed term or is a periodic tenancy, as in this case. The value of the lost goodwill is affected by the probable remaining term of the tenancy. Evidence of the remaining length of a lease and the existence of an option to renew a lease are, of course, relevant for determining the amount of compensation, if any, to be paid for loss of goodwill. (See *Attisha, supra,* 128 Cal.App.4th at p. 373.) Similarly, evidence of the precondemnation duration of a periodic tenancy and the quality and mutual satisfaction in the landlord and tenant relationship are probative for determination of compensation for loss of goodwill.[4]

■ The trial court erred in concluding, as a matter of law, that Mid Town was not entitled to compensation for goodwill because it was a month-to-month tenant.

---

[4] These same factors are utilized to quantify the value of possessory interests for purposes of tax assessment when public property is leased to private individuals. (See *Silveira v. County of Alameda* (2006) 139 Cal.App.4th 989, 995–1000 [43 Cal.Rptr.3d 501].)

## DISPOSITION

The order of dismissal is reversed. Appellants shall have their costs on appeal.

Manella, J., and Suzukawa, J., concurred.